# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCIS WILLIAMSON,<br><br>    Plaintiff,<br><br>    v.<br><br>P. BRAZELTON, et al.,<br><br>    Defendants. | CASE NO. 1:12-cv-00 214 GSA PC<br><br>ORDER DISMISSING COMPLAINT, WITH LEAVE TO FILE AMENDED COMPLAINT WITHIN THIRTY DAYS<br><br>(ECF No. 1) |

**Screening Order**

**I.     Screening Requirement**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

///

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.     Plaintiff's Claims**

Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation at Pleasant Valley State Prison (PVSP), brings this civil rights action against correctional officials employed by the Department of Corrections and Rehabilitation at PVSP. Plaintiff names the following individual defendants: P. Brazelton, PVSP Warden; A. Pineda, Associate Warden; R. Fisher, Associate Warden; K. Nash, Associate Warden; D. Cotta, Litigation Coordinator; D. Foreman, Appeals Coordinator; L. Harton, Appeals Coordinator; J. Morgan, Appeals Coordinator; F. Douthat, Appeals Coordinator. C. Tingey, Correctional Counselor; D. Burris, Correctional Counselor.

Plaintiff alleges generally that defendants are "all collectively liable for Plaintiff's continuous suffering." Plaintiff's statement of claim consists of rambling allegations regarding the conduct of Defendant Burris. Although difficult to discern from the complaint, it appears that Plaintiff is alleging that Burris is making it difficult for Plaintiff to "execute any and all legal correspondence with the courts."

**A.     Access to Courts**

Because states must ensure indigent prisoners meaningful access to the courts, prison officials are required to provide either (1) adequate law libraries, or (2) adequate assistance from persons trained in the law. Bounds v. Smith, 430 U.S. 817, 828 (1977). Under prior law, Bounds

1  was treated as establishing "core requirements," such that a prisoner alleging deprivation of the
2  Bounds minima need not allege actual injury to state a constitutional claim. Sands v. Lewis, 886
3  F.2d 1166, 1171 (9th Cir. 1989). Recent Supreme Court precedent abolishes such approach,
4  however, providing that all inmate claims for interference with access to the court include "actual
5  injury" as an element. Casey v. Lewis, 518 U.S.343 (1996).

   To establish a Bounds violation, a prisoner must show that his prison's law library or legal
   assistance program frustrated or impeded his ability to pursue a nonfrivolous legal claim. Casey,
   supra, 518 U.S. 343, 347. The right of access does not require the State to "enable the prisoner to
   discover grievances" or to "litigate effectively once in court." The Casey Court further limits the
   right of access to the courts, as follows:

> Finally, we must observe that the injury requirement is not satisfied by just any type of frustrated legal claim .... Bounds does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

Casey, supra, 518 U.S. at 346.

   The Casey Court encouraged local experimentation in various methods of assuring court access, including such approaches as "replac[ing] libraries with some minimal access to legal advice and a system of court-provided forms ... [which] ask the inmates to provide only the facts and not to attempt any legal analysis." Casey, supra, 518 U.S. at 346. Finally, Casey reminds lower courts that under Turner v. Safley, 482 U.S. 78 (1987), even where a prison regulation does impinge on inmates' constitutional rights, the regulation "is valid if it is reasonably related to legitimate penological interests." Id. at 348.

   Here, Plaintiff has failed to allege any facts that indicate he suffered any injury within the meaning of Casey. Plaintiff does not refer to any specific legal action that challenges the condition of his confinement, or his underlying criminal conviction. Plaintiff has not charged Burris with any specific conduct that is linked to any specific injury as that term is defined in Casey.

3

     Further, Plaintiff fails to allege any specific conduct by any of the other defendants. To establish liability under 42 U.S.C. § 1983, "a plaintiff must plead that each government-official defendant, through the official's own individual actions, has violated the Constitution." Ashcroft v. Iqbal, 556 U.S. 662, 673 (2009). Even under a "deliberate indifference" theory of individual liability, Plaintiff must still allege sufficient facts to plausibly establish the defendant's "knowledge of" and "acquiescence in" the unconstitutional conduct of his subordinates. Starr v. Baca, 652 F.3d 1202, 1206-07 (9th Cir. 2011). Plaintiff's "bald" and "conclusory" allegations are insufficient to establish individual liability under 42 U.S.C. § 1983. See Iqbal, 556 U.S. at 569-72.

     As to the supervisory defendants, a supervisor may be held liable for the constitutional violations of his or her subordinates only if he or she "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205-06 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997). Plaintiff has not alleged any facts suggesting personal participation by any of the supervisory defendants.

     Because Plaintiff has not alleged any facts indicating liability on the part of any of the named defendants, the complaint must be dismissed. The Court will, however, grant Plaintiff leave to file an amended complaint. Plaintiff need not, however, set forth legal arguments in support of his claims. In order to hold an individual defendant liable, Plaintiff must name the individual defendant, describe where that defendant is employed and in what capacity, and explain how that defendant acted under color of state law. Plaintiff should state clearly, in his or her own words, what happened. Plaintiff must describe what each defendant, *by name*, did to violate the particular right described by Plaintiff.

### III. Conclusion and Order

     The Court has screened Plaintiff's complaint and finds that it does not state any claims upon which relief may be granted under section 1983 or the ADA. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff is cautioned that he may

4

not change the nature of this suit by adding new, unrelated claims in his amended complaint. George, 507 F.3d at 607 (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick, 500 F.3d at 987-88. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 554 (2007) (citations omitted).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;
2. The Clerk's Office shall send to Plaintiff a complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;
4. Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and
5. If Plaintiff fails to file an amended complaint, the Court will dismiss this action, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

**Dated:   May 23, 2012              /s/ Gary S. Austin**

UNITED STATES MAGISTRATE JUDGE